| |
|---|
| **MCA Servicing Co. v Nic's Painting, LLC** |
| 2026 NY Slip Op 30643(U) |
| March 2, 2026 |
| Supreme Court, Rockland County |
| Docket Number: Index No. 034901/2023 |
| Judge: Keith J. Cornell |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------------------------------- X

MCA SERVICING COMPANY,                              :

                                        Plaintiff,   :          Index #: 034901/2023

        -against-                                    :          (Motion Sequence 5)

                                                     :          **DECISION AND ORDER**

NIC'S PAINTING, LLC, LORRAINE WILLIAMS,
MD., INC, SAINT MATTHEWS PRIMITIVE                    :
CHURCH CEMETERY ASSOCIATION, INC., ST.
MATTHEWS PRIMITIVE BAPTIST CHURCH, INC.,              :
NILOR HOLDINGS, LLC, ISLAND MIKE
HANDYMAN LLC d/b/a NIC'S PAINTING, and                :
NICHOLAS CAMPBELL RAHMING,

                                                     :

                                        Defendants.

------------------------------------------------------------------- X

PRESENT: HON. KEITH J. CORNELL, A.J.S.C.

Before the Court is the motion submitted by MCA Servicing Company pursuant to CPLR

§ 2221(e) to renew the decision and order of this Court dated April 23, 2024, which denied

summary judgment against each of the above captioned Defendants. Defendants oppose the

motion. The Court has read and considered NYSCEF documents 96-112 in deciding the motion.

Background

On June 8, 2023, Defendant Nicholas Campbell Rahming entered into a Revenue Purchase

Agreement ("RPA") with MCA on behalf of his company, Nic's Painting, LLC ("Merchant").

Mr. Rahming also personally signed the agreement as guarantor. Per the terms of the RPA,

Merchant sold $100,750.00 of its future receivables to MCA for $65,000.00. Plaintiff commenced

this action by way of a Summons and Complaint filed on October 3, 2023 alleging breach of

contract. On October 26, 2023, defense counsel filed an answer to the complaint on behalf of the

corporate Merchant and the personal guarantor.

[* 1]

On January 11, 2024, Plaintiff moved for summary judgment. In the Decision and Order of April 23, 2024, the Court denied the motion for summary judgment. The Court found that Plaintiff had not established its *prima facie* case because a material fact remained at issue, that is, whether Plaintiff was in breach of its ongoing obligations under the contract when Defendant failed to make a weekly payment on September 1, 2023. Plaintiff moved to renew and reargue on May 30, 2024. The Court granted the motion on October 15, 2025, but declined to change its decision denying summary judgment. The Court reiterated that Plaintiff had failed to establish its *prima facie* case because it had not established that it had not breached the RPA. The Court also pointed out that failure to pay is not, in and of itself, a breach by Defendant.

Plaintiff now moves to renew based on the recent decision *Apollo Funding Co. v. Dave Reilly Constr., LLC*, (241 AD3d 1508 [2d Dept 2025]), which reversed a denial of summary judgment to a plaintiff on an identical merchant cash advance contract. Plaintiff points out that the Second Department found that plaintiff Apollo Funding had "submitted proof of an executed written agreement, the plaintiff's performance pursuant to the agreement, the defendants' breach, and damages resulting from the breach" (*id*. at 1059). The Second Department also found that plaintiff Apollo had established that the transaction was not a loan. The Second Department held that review of Reilly's claim that the reconciliation process was illusory, which is a factor in evaluating if the agreement was a loan, was precluded because the merchant did not affirm that it strictly engaged in the agreement's reconciliation procedure (*id*.).

Plaintiff argues that the underlying facts in this matter are nearly identical to the facts in *Reilly*. Specifically, Plaintiff points out that Defendant here failed to claim strict compliance with the reconciliation procedure. Plaintiff points out that the reconciliation provision in the RPA in this case, like *Reilly*, requires a written submission of a request to reconcile, sent by email, with

copies of bank statements, credit card processing statements, and an accounts receivable report, from the date of the signing of the RPA through the date of the requested reconciliation. Plaintiff argues that Defendant here only claimed to have called his contact at MCA and Plaintiff's attorney to ask to reconcile. Plaintiff points out that making these phone calls was not a valid way to request a reconciliation per the RPA. Plaintiff argues that in light of the decision in *Reilly*, a claim of a non-compliant attempt to reconcile is insufficient to raise an issue of fact such that summary judgment should be denied.

In opposition, Defendants argue that leave for renew should be denied because Plaintiff has not demonstrated a change in the law, but merely a clarification. Defendants argue that a clarification of existing law is not sufficient in this circumstance to warrant a motion to renew. Defendants further argue that renewal should be denied because Plaintiff failed to establish that *Reilly* would change this Court's prior determination denying summary judgment. Defendants point out that the affidavit submitted by Plaintiff's manager, Kolesar, does not state that Plaintiff complied with its own reconciliation provision, nor does it deny that Rahming tried to initiate a reconciliation. Defendants argue that as the movant for summary judgment, Plaintiff bore the burden of establishing that it had complied with the contract such that it was entitled to bring a claim for breach against Defendants.

Defendants argue that this matter is distinct from *Reilly* in substantive ways. In particular, Defendants point out that, unlike in *Reilly*, Rahming's affidavit contains details about his attempt to initiate a reconciliation. Defendants argue that Rahming actually followed the instructions he received from his contact, Oran, who did not direct Rahming to the relevant portion of the contract, but allegedly told him to call Plaintiff's attorney. Defendants argue that Plaintiff's attorney did not direct Rahming to submit documentation by email, but instead flatly refused to commence the

Page 3 of 6

[* 3]

reconciliation process. Defendants argue that Rahming's affidavit was sufficiently detailed to overcome the threshold to raise a material issue of fact such that judgment as a matter of law to Plaintiff was not appropriate.

In reply, Plaintiff argues that Defendants have materially mischaracterized the Second Department's decision in *Reilly*. First, Plaintiff argues that this decision is not merely the application of existing principles to new facts, but a clarification of the standard for evaluating whether an agreement is loan. Plaintiff argues that pursuant to *Reilly*, as a matter of law, Plaintiff's form RPA is a purchase of receivables, not a loan, if the merchant/guarantor's allegations do not demonstrate strict compliance with the reconciliation procedure. Finally, Plaintiff argues that the factual differences between the affidavit of Defendant Reilly and that of Defendant Rahming are immaterial because neither could prove that he emailed a properly supported written request for a reconciliation.

Discussion

A motion to renew is appropriate when "there has been a change in the law that would change the prior determination" (CPLR § 2221[e]; *see Wilmington Sav. Fund Socy, FSB v Souffrant*, 237 AD3d 1006, 1007 [2d Dept 2025] ["A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law, including, a clarification of decisional law"]; *see HSBC Bank USA, Nat'l Ass'n v. Ishmail*, 239 AD3d 955, 956 [2d Dept 2025] ["A clarification of existing law may in some circumstances suffice to constitute a change in law for purposes of a motion for leave to renew"][citations and alterations omitted]).

As a preliminary matter, Plaintiff is correct that the Second Department's decision in *Reilly* is sufficient to justify a motion to renew. Therefore, leave to move to renew is granted.

However, the language relied upon by Plaintiff does not lead to the conclusion that Plaintiff seeks. In *Reilly*, the Appellate Court found that consideration of the claim that the reconciliation process was illusory was precluded because the Merchant had not even pleaded that it complied with the reconciliation procedure (241 AD3d at 1509). This finding went to the standard for judging whether the RPA was a usurious loan (*id.*). Having concluded that the available evidence established that the RPA was not a loan, the Court found that the RPA was not void or unenforceable and reversed this Court's decision denying summary judgment (*id.*)

In deciding a motion for summary judgment, the reviewing court should accept the opposing party's evidence as true (*see Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]) and give the opposing party the benefit of all reasonable inferences (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*see Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

This Court's decision April 23, 2024 did not deny summary judgment to Plaintiff based on a finding that an issue of fact as to usury had been raised. Instead, this Court denied summary judgment based on Defendants' claim that Plaintiff breached the RPA first by failing to give them a chance to reconcile. This Court found that Defendants effectively raised issues of fact based on Rahming's description in his sworn statement of his attempt to have the amount of the weekly payment adjusted to match his actual receivables (Doc. 46). If Plaintiff did not allow Defendant to even apply to reconcile after a request to do so was made, even if that request was initiated orally, then Plaintiff may have been in breach of its obligations under the RPA when Defendants missed a payment. Nothing in *Apollo v Reilly* requires this Court to find as a matter of law that Plaintiff

[* 5]

was not in breach of its obligations under the RPA when its employees allegedly declined Merchant's efforts to even apply for reconciliation.

Further, this Court pointed out in the decision on the prior motion for rearguement and renewal that Plaintiff had also failed to prove Defendants' breach of the agreement. Per the RPA, failure to pay is not, in and of itself, a breach by Defendant (*see* Doc. 2, RPA at 1, 2nd paragraph ["Merchant is selling a portion of a future revenue stream to MCA at a discount, and is not borrowing money from MCA, therefore there is **no** interest rate or **payment schedule** and **no time period** during which the Purchased Amount must be collected by MCA. . . . Merchant and Guarantor(s)(s) [sic] are only guaranteeing their performance of the terms of this Revenue Purchase Agreement, and **are not guaranteeing the payment of the Purchased Amount**"]) [emphasis added]. Other than not making its weekly payment, Plaintiff did not claim any other material breach of the RPA by Defendants.

Therefore, even in light of *Reilly*, this Court finds that Plaintiff did not establish its *prima facie* entitlement to summary judgment because it neither proved its own compliance with the RPA, nor proved Defendants' breach. Therefore, it is

**ORDERED**, that Plaintiff's motion for renewal is GRANTED; and it is further

**ORDERED**, that upon reconsideration, the Court finds that denial of summary judgment was appropriate, and therefore the motion to vacate the prior decision is DENIED; and it is further

**ORDERED**, that all counsel shall appear for a pretrial conference on the date to be provided in a separate court notice.

Dated: March 2, 2026
      New City, New York

To:    All counsel via NYSCEF

Hon. Keith J Cornell, A.J.S.C.

Page 6 of 6

[* 6]